<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

STEPHEN ALDOM,

      *Plaintiff,*

  v.

PHELAN HALLINAN & DIAMOND, PC, et al.,

      *Defendants.*

Civil Action No. 14-6638

OPINION

### I. BACKGROUND

Plaintiff Stephen Aldom ("Plaintiff") owns property at 140 River Road, Montague, NJ 07827, where he also resides. Dkt. No. 14, Am. Compl. ¶ 3. He sues Defendant Phelan Hallinan & Diamond, PC ("Defendant"), a law firm specializing in debt collection litigation, for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq. Dkt. No. 14 ¶ 4.

Plaintiff took out a $160,000 loan from Wells Fargo Bank, N.A. on January 15, 2009, in exchange for a mortgage on his property. Id. ¶ 6. The loan was subsequently sold to Federal National Mortgage Loan Association ("Fannie Mae") on or around May 31, 2009. Id. ¶¶ 8-9. Wells Fargo remained the loan servicer. Id. ¶ 10.

On October 1, 2012, Plaintiff defaulted on his loan. Id. ¶ 11. Defendant was retained by Wells Fargo or Fannie Mae to prosecute a foreclosure action. Id. ¶ 12. Wells Fargo sent a letter to Plaintiff dated June 25, 2013, stating "[w]e service your mortgage on behalf of your investor, Federal National Mortgage Association—Fannie Mae." Id. ¶ 13.

1

Plaintiff filed his initial Complaint on October 24, 2014, Dkt. No. 1, and his Amended Complaint on February 5, 2015. Dkt. No. 14. Defendant moved to dismiss. Dkt. No. 17. Following oral argument, the only issue remaining was whether Exhibit 4 of the Amended Complaint contains an actionable misrepresentation under § 1692e.[1] Plaintiff identified a single alleged misrepresentation in Exhibit 4: "the name and address of the lender are: Wells Fargo Bank, N.A." Am. Compl. Ex. 4.

## II. LEGAL STANDARD

In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. Of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition to the complaint, the Court may also look to documents "integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

---

[1] Though Plaintiff initially asserted a violation of 15 U.S.C. § 1692c based on facts not discussed here, he subsequently dismissed that claim. See Dkt. No. 18. During oral argument on September 22, 2015, Plaintiff also conceded that his previous claims under 1692g and 1692e for other statements were time-barred. See 15 U.S.C. § 1692k(d); Glover v. FDIC, 698 F.3d 139, 145 (3d Cir. 2012). At the hearing, Plaintiff asserted for the first time that Exhibit 5 to the Amended Complaint also contained a misrepresentation. Read in context, the Court found that the alleged misrepresentation was not actionable because it was actually true and not misleading in any way.

**III. ANALYSIS**

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir.2014). Here, Plaintiff claims a violation of 15 U.S.C. § 1692e, which prohibits "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt."

A statement must be material to be actionable under § 1692e. Jensen v. Pressler & Pressler, 791 F.3d 413, 421 (3d Cir. 2015) ("A debtor simply cannot be confused, deceived, or misled by an incorrect statement unless it is material."). "[A] statement in a communication is material if it is capable of influencing the decision of the least sophisticated debtor." Id. The least sophisticated debtor may be deceived where a reasonable debtor would not. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). However, the least sophisticated debtor standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Id. (citing Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000), as amended (Sept. 7, 2000)).

The allegedly false or misleading statement is "[t]he name and address of the lender are: Wells Fargo Bank, N.A." Am. Compl. Ex. 4. This does not give rise to a FDCPA claim.

The statement is not false. The statement identifies the "lender," a term not defined in the FDCPA. Wells Fargo was, in fact, (1) the entity which initially lent money to Plaintiff, (2) the servicer of the loan, and (3) the entity with which the Plaintiff consistently interacted. The term

3

lender does not, by itself, preclude any of these three interpretations. Plaintiff points to no authority to the contrary.

The statement is also not material. Plaintiff's idiosyncratic interpretation of "lender"—precluding that word from applying to (1) the initial lender of money, (2) the current servicer of the loan, or (3) the entity with which Plaintiff interacts with most frequently concerning his loan—is an error the least sophisticated debtor would not make. The Court should consider context when analyzing whether the least sophisticated debtor would be misled. See Burton v. Nationstar Mortg., LLC., No. 14-5059, 2015 WL 1636956, at *6 (E.D. Pa. Apr. 13, 2015) (considering previous months of litigation to show that least sophisticated debtor would not be misled). Here, context shows that Plaintiff was previously told that the investor in his loan was Fannie Mae. Plaintiff admits he received a notice from Wells Fargo with that information. Am. Compl. ¶ 13. There is no reason that later being told one's lender is Wells Fargo would influence the decision-making of the least sophisticated debtor.

Plaintiff argues that misidentifying one's creditor is material because the creditor may determine loss mitigation options, but there is no reason to believe identifying one's "lender" poses the same problem. Lender is not defined by the FDCPA. Fundamentally, the statement providing Wells Fargo's name and address as the name and address of the "lender" "did not undermine [the debtor's] ability to choose his action concerning his debt." Burton, 2015 WL 1636956, at *7. This statement is not actionable.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is hereby **GRANTED** with prejudice.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**

4