NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| STEPHEN ALDOM, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 14-6638 (MCA) (MAH) |
| | : | |
| v. | : | |
| | : | |
| PHELAN HALLINAN & DIAMOND, PC, | : | OPINION |
| | : | |
| Defendant. | : | |

## I. INTRODUCTION

This matter comes before the Court upon Defendant Phelan Hallinan & Diamond, PC's

motion for sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and/or the

Court's inherent powers.  Pursuant to FED. R. CIV. P. 78, no oral argument was heard.  For the

reasons set forth herein, Defendant's motion is denied.

## II. BACKGROUND

On October 24, 2015, Plaintiff Stephen Aldom, by and through his counsel Denbeaux &

Denbeaux, filed the present action against Defendant Phelan Hallinan & Diamond, P.C., a law

firm specializing in debt collection litigation, alleging violation of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  See Compl., Oct. 24, 2015, D.E. 1; Am.

Compl., Feb. 5, 2015, D.E. 14.  The Complaint alleges that on January 15, 2009, Plaintiff entered

into a loan agreement with Wells Fargo Bank, N.A., secured by a mortgage on his property.  Id. ¶

6-7.  After the loan closed, it was sold to Federal National Mortgage Loan Association ("Fannie

Mae"). Id. ¶ 8-9.  On October 1, 2012, Plaintiff defaulted on the loan obligation, and Defendant

was retained as counsel by Fannie Mae and/or Wells Fargo to prosecute a debt collection

foreclosure action.  Id. ¶ 11-12.  On June 27, 2013, Defendant filed a foreclosure complaint in

the Superior Court of New Jersey.  Compl. ¶ 12, D.E. 1.  Plaintiff retained the law firm of

Denbeaux & Denbeaux as counsel in the foreclosure action.  Id. ¶ 13.

The present action arises out of certain communications sent by Defendant to Plaintiff

during the foreclosure proceedings.[1]  Specifically, Plaintiff alleged that Wells Fargo sent a letter

to Plaintiff dated June 25, 2013, stating "[w]e service your mortgage on behalf of your investor,

Federal National Mortgage Association-Fannie Mae."  Am. Compl. ¶ 3, D.E. 14.  Defendant

moved to dismiss, and following oral argument, the only issue remaining was whether Exhibit 4

of the Amended Complaint contained an actionable misrepresentation under 15 U.S.C. §

1692(e).  See Opinion, Sept. 29, 2015, D.E. 33.  Plaintiff identified a single alleged

misrepresentation in Exhibit 4: "the name and address of the lender are: Wells Fargo Bank,

N.A."  Am. Compl. Exh. 4, D.E. 14.

The Court found that 15 U.S.C. § 1692(e) prohibits "false, deceptive or misleading

representation[s] or means in connection with the collection of any debt."  Opinion at 3, D.E. 33.

The Court did not find that the allegedly false or misleading statement was in fact false, nor was

it material.  Id.  Therefore, the Court granted Defendant's motion to dismiss, with prejudice.

Defendant now seeks sanctions against Denbeaux & Denbeaux, on grounds that this

matter "is one of a series of cases initiated by Denbeaux against the Phelan Firm for improper

---

[1] Plaintiff initially asserted a violation of 15 U.S.C. § 1692(c), but he subsequently dismissed that claim.  See App. for Dismissal of Claim, Mar. 19, 2015, D.E. 18.  During oral argument on September 22, 2015, Plaintiff also conceded that his previous claims under § 1692(g) and § 1692(e) for other statements were time-barred.  See Opinion at 2 n.1, D.E. 33.

purposes, including harassment and forcing the Phelan Firm to incur significant needless expense, all of which are not just without merit, but frivolous and vexatious." Def.'s Br. in Supp. of Mot. for Sanctions at 1, D.E. 36-1.  Plaintiff has submitted opposition to Defendant's motion for sanctions [D.E. 37].

### III.  LEGAL STANDARD

#### a.  Rule 11 Sanctions

When considering a Fed. R. Civ. P. 11 motion for sanctions, a court must determine if the attorney's conduct was "objectively reasonable" under the circumstances.  See, e.g, Ario v. Underwriting Members of Syndicate 53, 618 F.3d 277, 297 (3d Cir. 2010). The Third Circuit defines "reasonableness" as the "'objective knowledge or belief at the time of the filing of the challenged paper' that the claim was well-grounded in law and fact."  Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991).  Sanctions will be applied only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988).  "Rule 11 is violated only when it is 'patently clear that a claim has absolutely no chance of success.'" Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986).

#### b.  28 U.S.C. § 1927

Section 1927, entitled "Counsel's liability for excessive costs," states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  However, "sanctions may not

be imposed under this statute against attorneys for vexatious and unreasonable multiplication of proceedings absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 142 (3d Cir. 2009). An attorney's conduct "must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." Id.

### c. Inherent Authority

The Court generally may act sua sponte in imposing sanctions under rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). "It is firmly established that '[t]he power to punish for contempt is inherent in all courts.'" Id. at 44 (citing Ex parte Robinson, 19 Wall. 505, 510 (1874). "The power extends to the regulation of attorneys as well." Ferguson v. Valero Energy Corp., 454 Fed.Appx. 109, 112 (3d Cir. 2011). However, "an award of fees and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith." In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions, 278 F.3d 175, 181 (3d Cir. 2002). Sanctions under the Court's inherent power are disfavored where other statutory or rules-based sanctions are available. Id. at 189.

### IV.   DISCUSSION

### a. Rule 11 Sanctions

Defendant filed a Rule 11 motion seeking the imposition of sanctions against Plaintiff's attorneys [D.E. 36] for filing an allegedly frivolous action against Defendant, which was ultimately dismissed with prejudice. In opposition to Defendant's motion, Plaintiff argues that his claim was brought in good faith and with a basis in fact and law. Pl's Opp'n Br. at 1, Oct. 19, 2015, D.E. 37. Plaintiff argues that Defendant's motion should be denied because Defendant

4

cannot demonstrate that Plaintiff's counsel acted unreasonably and that the action lacked any factual foundation. Id. at 3. Plaintiff argues that counsel commenced the suit based upon a "reasonable interpretation of unsettled law." Id. at 4. Specifically, Plaintiff argues that he asked the Court to use the meaning of "lender" as being analogous to "owner," and that the Court find that Defendant's use of the term" lender" in reference to Wells Fargo, without a contemporaneous identification of Fannie Mae as owner of the loan, was a material misrepresentation. Id. at 4-5. Plaintiff argues that "because the owner controls all loss mitigation options available to the debtor under 12 CFR 1024, knowing who the owner of the loan is can materially influence the decision making process of the least sophisticated debtor when deciding how to approach the debt collection, repayment and loss mitigation process." Id. (citing Jensen v. Pressler & Pressler, 791 F.3d 413 (3d Cir. 2015)). Plaintiff argues that although the Court ultimately rejected Plaintiff's argument, "the legal theory advanced was based in reasonable research and legal thought." Id.

The Court did not find any merit to Plaintiff's claims, and while counsel's arguments "approach[] the threshold of frivolous or vexatious litigation [,]" the Court "is not of the view that sanctioning Plaintiff's counsel is appropriate before the tipping-point of frivolousness has been reached." Vilinsky v. Phelan Hallinan Diamond & Jones, PC, No. 15-cv-650-JBS-JS, Opinion at 7, 9-10, Oct. 13, 2015, D.E. 25. Plaintiff's counsel has not exhibited conduct so unreasonable as to warrant the imposition of sanctions. While the Court ultimately disagreed with Plaintiff's interpretation of the term "lender", "the Court does not now find that counsel missed the mark widely enough for sanctions." Id. at 6. Therefore, the Court will deny Phelan's request for sanctions under Fed. R. Civ. P. 11.

### b.  28 U.S.C. § 1927

Defendant also seeks for this Court to impose sanctions pursuant to 28 U.S.C. § 1927, which are appropriate only where the moving party can prove that opposing counsel acted with willful bad faith.  Baker Industries Inc. v. Cerberus, Ltd., 764 F.2d 204, 208 (3d Cir. 1985); Williams v. Giant Eagle Markets, Inc., 883 F.2d 1184, 1191 (3d Cir. 1989).  Plaintiff argues that Defendant fails to "demonstrate that Plaintiff's counsel acted willfully in bad faith, because objectively it did not."  Pl's Opp'n Br. at 3, D.E. 37.

The Court does not find there is any evidence in the record to support Defendant's argument that Denbeaux & Denbeaux is seeking to harass Defendant by filing multiple lawsuits against it, or that the suit was brought in willful bad faith.  As Plaintiff argues, "[t]he clients of Denbeaux & Denbeaux are hardly the only debtors facing foreclosure in New Jersey and Pennsylvania who believe one or more of the Phelan law firms have violated the FDCPA."  Pl's Opp'n Br. at 7, D.E. 37.  Defendant "is identified as a defendant in litigation brought by aggrieved debtors who believe they have been injured in the debt collection practice."  Id. at 9.  There is no indication that the present suit was brought against Defendant in an unreasonable and vexatious manner.  Defendant's motion for sanctions under 28 U.S.C. § 1927 is therefore denied.

### c.  Court's Inherent Authority

Finally, Defendant requests for the Court to exercise its inherent authority and impose sanctions against Plaintiff's counsel.  The Court has not found that this action was brought in bad faith.  Accordingly, the Court declines to impose sanctions against Plaintiff's counsel at this time.

## V.        CONCLUSION

For the foregoing reasons, Defendant's motion for sanctions is denied.

An appropriate Order accompanies this Opinion.


                                        **s/ Michael A. Hammer                      **
                                        **UNITED STATES MAGISTRATE JUDGE**


Original:        Clerk's Office
cc:              Hon. Madeline C. Arleo, U.S.D.J.
                 All Counsel of Record
                 File